UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Jill Caruso,** | ) |
| Plaintiff, | ) |
| | ) Case No. 2:17-cv-12903 |
| v. | ) |
| | ) |
| **Zehnder's of Frankenmuth, Inc.**, a Michigan corporation for profit, | ) Judge: |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **ZEHNDER'S OF FRANKENMUTH, INC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, JILL CARUSO ("Plaintiff") is a Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **ZEHNDER'S OF FRANKENMUTH, INC.** operates and owns a Zehnder's Splash Village located at 1365 S Main St, Frankenmuth, MI 48734 in Saginaw County. Plaintiff has patronized Defendant's hotel and water park as an overnight guest previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **ZEHNDER'S OF FRANKENMUTH, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel, water park, and place of public accommodation fails to

comply with the ADA and its regulations, as also described further herein.

7. Plaintiff, JILL CARUSO is a Michigan resident, is sui juris, is diagnosed with spina bifida and qualifies as an individual with disabilities as defined by the ADA. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. JILL CARUSO has visited and been an overnight guest and waterpark guest at the property which forms the basis of this lawsuit on the night of January 7, 2017, and other previous occasions and plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety.

9. During the Plaintiff's overnight stay, she encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26,

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of **Zehnder's Splash Village**, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. There are cracks and changes in level in excess of ¼ inch along the accessible route to the hotel entrance, in violation of the ADA whose remedy is readily achievable.

B. The passenger loading zone is not marked to discourage parking and does not have an access aisle, in violation of the ADA whose remedy is readily achievable.

C. Some access aisles at designated accessible parking spaces do not lead to an accessible route, due to cross-slopes in the sidewalk and ramps from parking to the entrance, or curbs at the terminus of access aisles, in violation of the ADA whose remedy is readily achievable.

D. There are parking spaces located on a closer accessible route to the registration entrance than the existing accessible parking.

Lobby Family Restroom

E. There are exposed water supply and drain pipes under lavatories and sinks in violation of the ADA whose remedy is readily achievable.

F. The flush control is not located on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

G. The seat height of the water closet is too low from the top of the seat to the finished floor, in violation of the ADA whose remedy is readily achievable.

H. There are amenities, including a coat hook, mounted in excess of allowable reach ranges in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms

I. There are an insufficient number of designated mobility accessible guestrooms, in violation of the ADA whose remedy is readily achievable.

    J.  Designated mobility accessible guestrooms are not disbursed among the various guestroom types, in violation of the ADA whose remedy is readily achievable.

    K.  There are an insufficient number of designated mobility accessible guestrooms with roll-in showers, in violation of the ADA whose remedy is readily achievable.

Designated Mobility Accessible Guestroom Suite 182

    L.  The door locking latch on the entrance door is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    M.  The viewing hole and safety instructions on the entrance door are mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

    N.  The lavatory inside the designated accessible guestroom bathroom has pipes that are not insulated, in violation of the ADA whose remedy is readily achievable.

    O.  There are room and bathroom amenities mounted in excess of accessible reach range, in violation of the ADA whose remedy is readily achievable.

    P.  The grab bars located around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

    Q.  The flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    R.  The bathtub faucet controls are not located between the open side of the bathtub and the centerline of the width of the bathtub, in violation of the ADA whose remedy is readily achievable.

Pool Area

    S.  There is no pool lift to access the swimming pool or spa, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    T.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

14.  The discriminatory violations described in Paragraph 13 by Defendant **ZEHNDER'S OF FRANKENMUTH, INC.** is not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation

and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The hotel and waterpark at issue, as owned and operated by **ZEHNDER'S OF FRANKENMUTH, INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including

those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq*.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **ZEHNDER'S OF FRANKENMUTH, INC.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas, the Plaintiff was unable to use several non-accessible features in her hotel guestroom and was also unable to access the hot tub due to a lack of an accessible means of entry.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages,

and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222

9

Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI